UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

AUTUMN MORRIS, and
DOROTHY MORRIS

        Plaintiffs,        6:13-cv-00211-TC

        v.        FINDINGS AND
                RECOMMENDATION

WAYNE HAGEN, et al.

        Defendants.

COFFIN, Magistrate Judge.

Plaintiffs' complaint contains allegations against a number of defendants, all of which relate to the placing of plaintiff Autumn Morris' child ["KM"] into state custody.

The following motions are before the court:

1. Dorothy Morris has filed a "Motion to Amend and Add More" (#57). Plaintiff's motion is allowed to the extent that the court will consider the matters submitted in the document

1 - FINDINGS AND RECOMMENDATION

filed by plaintiff and the exhibits thereto, and denied to the extent that plaintiff seeks to allege additional claims or add additional defendants. For the reasons set forth below, an amendment adding new claims or defendants would be futile.

2. Defendants Rains and Huskey move to dismiss plaintiffs' claims against them for failure to state a claim (#37).

Defendants Rains and Huskey are City of Sutherlin police officers. Plaintiffs allege that on February 3, 2012, defendant Huskey illegally entered the home of Edwinda Dowell searching for KM and discovered KM was not inside the residence.

Edwina Dowell is not a party to this action and defendant Huskey's alleged conduct towards her does not give rise to a claim by plaintiffs.

Plaintiffs allege that on February 3, 2012, defendant Rains "went to the plaintiffs' residence ... and discovered no one was at the residents." (Sic) Complaint (#3) p. 4.

The fact that defendant Rains went to plaintiffs' empty residence is insufficient to establish that he violated the plaintiffs' rights.

Even a most liberal construction of plaintiff's factual allegations fail to support a cognizable claim against either defendant Rains or Husky. Defendants' Rains and Husky's Motion to Dismiss (#37) should be allowed.

2 - FINDINGS AND RECOMMENDATION

3.   Defendant Griffin moves to dismiss plaintiffs' claims against him for failure to state a claim. (#43).

Defendant Griffin is an attorney alleged to have "appeared on behalf of the plaintiff" at a court hearing. Complaint (#3) p. 5. Plaintiffs further allege that Griffin "conspired to deprive, acted in concert to deprive and did deprive the plaintiff of her parental right to care, management, custody and control" of KM. Id. p. 3.

To state a claim under 42 U.S.C. 1983, a plaintiff must allege facts that establish (1) the defendants acting under the color of state law (2) deprived plaintiff of rights secured by the constitution or federal statutes. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144 (1970); <u>Crumpton v Gates</u>, 947 F.2d 1418, 1420 (9th Cir. 1991); <u>Gibson v. United States</u>, 781 F.2d 1334, 1338 (9th Cir. 1986). A person acts under color of state law only when exercising power "possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." <u>United States v. Classic</u>, 313 U.S. 299 (1941); see also, <u>Lugar v. Edmondson Oil Co.</u>, 457 U.S. 922 (1980).

Generally, private parties do not act under color of state law. <u>Price v. Hawaii</u>, 939 F.2d 702 (9th Cir. 1991). Specifically, attorneys do not act under the color of state law when performing advocacy functions. <u>Polk County v.</u>

3 - FINDINGS AND RECOMMENDATION

Dodson, 454 U.S. 312, 325 (1981); Koenig v. Snead, 757 F. Supp 41, 42 (D. Or. 1991). "Action taken by a private individual may be 'under color of state law' where there is 'significant' state involvement in the action." Howerton v. Gabica, 708 F.2d 380, 382 (9th Cir. 1983). "The [Supreme] Court has articulated a number of tests or factors to determine when state action is 'significant.'" Id., at 382-383 (collecting cases). Under the joint action test, a private party acts under color of state law if "he is a wilful participant in joint action with the state or its agents." Dennis v. Sparks, 449 U.S. 24, 27 (1980). Under the governmental nexus test, a private party acts under color of state law if "there is a sufficiently close nexus between the State and the challenged action of the regulated entity so that the action of the latter may be fairly treated as that of the State itself." Jackson v. Metropolitan Edison Co., 419 U.S. 345 (1974).

In this case, plaintiffs' allegation that defendant Griffin acted "in concert" and "conspired with" the state defendants is unsupported by any specific factual allegation and is insufficient to state a claim that Griffin's alleged conduct constituted "state action" or was "under color of state law." See, Burns v. County of King, 883 F2d 819, 821 (9th Cir. 1989); Aldabe v. Aldabe, 616 F3d 1089, 1092 (9th Cir. 1980).

4 - FINDINGS AND RECOMMENDATION

Defendant Griffin's Motion to Dismiss (#43) should be allowed.

4.  Defendants Garrison, Hagen, Loosli, Mcovern, Moore, Vogel-Smith and Zuver ["the State defendants"] move to dismiss plaintiffs' claims against them for failure to state a claim (#47).

The State defendants are two state judges (Garrison and Zuver), one district attorney (Vogel-Smith), and four child services workers (Hagen, Loosli, McGovern, and Moore) employed by the Oregon Department of Human Services.

Plaintiffs' claims are in essence a challenge to the orders and judgments of a state juvenile court which removed KM from Autumn Morris' custody.

A federal court lacks jurisdiction to review or modify state court judgments under the *Rooker-Feldman* doctrine. *See*, Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983). The doctrine provides that "lower courts do not have jurisdiction to review a case litigated and decided in state court; only the United States Supreme Court has jurisdiction to correct state court judgments. Gottfried v. Medical Planning Services, 142 F.3d 326, 330 (6ht Cir. 1998).; *see also*, Valenti v. Mitchell, 962 F.2d 288, 296 (3rd Cir. 1992).

In this case, multiple juvenile court proceedings

5 - FINDINGS AND RECOMMENDATION

determined that DHS had sufficient justification to warrant infringement of Autumn Morris' parental rights. In order for plaintiffs to recover on any of their claims for damages or injunctive relief, this court would necessarily have to determine that the State of Oregon's juvenile courts were in error and in essence over-rule those judgments. Therefore, plaintiff's claims are barred by the *Rooker-Feldman* doctrine.

In addition, plaintiffs have initiated an appeal of the juvenile court judgment concerning KM's custody. That appeal is currently pending in the Oregon Court of Appeals. Accordingly, this court should abstain from excercising jurisdiction pursuant to Younger v. Harris, 401 U.S. 37 (1971). *See*, San Remo Hotel v. San Francisco, 145 F.3d 1095, 1103 (9th Cir. 1998).

The Supreme Court, the Ninth Circuit and other circuits have specifically held that claims related to ongoing juvenile proceedings in state court are properly dismissed in federal court pursuant to the *Younger* abstention doctrine. Moore v. Sims, 442 U.S. 415 (1979); Safouane v. Fleck, 226 Fed. Appx. 753, 758-59 (9th Cir. 2007); Chapman v. Oklahoma, 472 F.3d 747 (10th Cir. 2006); *see also*, Kitchens v. Bowen, 825 F.2d 1337, 1339 (9th Cir. 1987). (*Younger* abstention doctrine usually raised in a motion to dismiss for failure to state a claim).

Defendants Garrison and Zuver are absolutely immune from

6 - FINDINGS AND RECOMMENDATION

liability to plaintiff for damages. <u>Ashleman v. Pope</u>, 793 F.2d 1072, 1075 (9th Cir. 1986); <u>Clevinger v. Saxner</u>, 474 U.S. 193, 199-200 (1985).

Defendant Vogel-Smith is also immune from liability to plaintiff for damages because prosecutors are absolutely immune from liability for their prosecutorial functions. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 430 (1976); <u>Babcock v. Tyler</u>, 884 F.2d 497, 501 (9th Cir. 1989). Plaintiffs' claims are based on Vogel-Smith's conduct in "appear[ing] on behalf of the state." Complaint (#3) p. 6. In addition, child services workers are entitled to absolute immunity for "performing quasi-prosecutorial functions connected with the initiation and pursuit of child dependency proceedings. <u>Meyers v. Contra Costa County Dept. Of Social Services</u>, 812 F.2d 1154 (9th Cir. 1987); *see also*, <u>Butz v. Economou</u>, 438 U.S.478, 512 (1978) ("absolute immunity is ... necessary to assure that judges, advocates, and witnesses can perform their respective functions without harassment or intimidation"). Plaintiffs' claims against defendants Hagen, Loosli, McGovern, and Moore relate to their actions in connection with the "initiation and pursuit of" [KM's] child dependency proceedings."

Lastly, plaintiffs' allegations against the State defendants are based solely on conduct they took in their official capacity as state employees. The Supreme Court has

7 - FINDINGS AND RECOMMENDATION

repeatedly stated that a state or its officials or agencies may not be sued by private individuals in federal court unless the state has unequivocally consented to that action, or Congress has unequivocally expressed its intent under the Fourteenth Amendment to waive the immunity of the States. Board of Trustees of University of Alabama v. Garrett, 531 U.S. 356 (2001); Seminole Tribe of Florida v. Florida, 517 U.S. 44, 54 (1996); see also, Quern v. Jordan, 440 U.S. 332 (1979); Edleman v. Jordan, 415 U.S. 651, 673 (1984); Pennhurst State School and Hospital v. Halderman, 465 U.S. 89 (1984). The Eleventh Amendment otherwise bars any such action regardless of the nature of the relief sought. Cory v. White, 457 U.S. 85 (1982); Brooks v. Sulpher Springs Valley Elec. Co-Op, 951 F.2d 1050, 1053 (9th Cir. 1991). In addition, a state's waiver of sovereign immunity in its own courts does not waive its Eleventh Amendment immunity in federal court. Edleman v. Jordan, supra. Thus, the enactment of the Oregon Tort Claims Act did not waive the State of Oregon's Eleventh Amendment immunity.

Individual defendants share in the Eleventh Amendment immunity afforded states and state agencies where the individuals are sued in their official capacities because such suits "are, in essence, actions against the government entity of which the officer is an agent." Mitchell v Los Angeles

Community College Dist., 861 F.2d 198, 201-02 (9th Cir. 1999). Under the "arm of the state" doctrine, a state entity and its officers in their official capacities share the state's sovereign immunity because "'the state is the real party in interest and is entitled to invoke its sovereign immunity from suit even though individual officials [or state entities] are nominal defendants.'" Durning v. Citibank, N.A., 950 F.2d 1419, 1423 (9th Cir. 1991) (quoting Ford Mtor Co. V. Dep't of Treasury, 323 U.S. 459, 464 (1945)). A suit against a state officer in his official capacity is effectively considered a suit against the official's office, and therefore, it "is no different thatn a suit against the State itself." Will v. Michigan Dep't of State Police, 419 U.S. 58, 71 (1989).

Accordingly, plaintiffs' claims against the State defendants are barred by the Eleventh Amendment.

In addition to the above stated reasons, this action should be dismissed in it's entirety as to all defendants for the following reason.

The record reflects that plaintiff Autumn Morris is KM's mother. Dorothy Morris is KM's grandmother.

On June 14, 2013 mail sent by the court to Autumn Morris' address of record was returned as undeliverable. In addition mail sent to Autumn Morris on June 21, 2013 and on July 1, 2013, was also returned to the court as undeliverable.

9 - FINDINGS AND RECOMMENDATION

Pursuant to Local Rule 83.10, a party not represented by counsel has a "continuing duty to notify, the clerk's office whenever they change their mailing address or telephone number." When mail from the court to a party cannot be delivered due to the lack of a current address, and the failure continues for sixty (60) days, the court may dismiss the action. Local Rule 83.12.

In this case the record reflects that Autumn Morris may have abandoned her claims. In any event, she has not complied with the requirement of L.R. 83.10 and her claims should be dismissed.

It is apparent that Dorothy Morris - KM's grandmother - is the person who is litigating this action. *See*, Motion to Keep Power of Attorney (#54). Moreover, the record suggests that Autumn Morris and Dorothy Morris disagree as to the appropriate custody placement of KM. *See*, "Motion for Grandmother to be granted custody of KM within 72 hours. (#34).

In any event, Dorothy Morris does not have standing to pursue the claims alleged herein. "[T]he Ninth Circuit has made it clear that, unlike parents, non-custodial grandparents of grandchildren who are dependents of the juvenile court do not have a substantive due process right to family integrity and association with those grandchildren." <u>Parlante v.</u>

10 - FINDINGS AND RECOMMENDATION

Cazares, 2012 WL 2571207, *4 (E.D. Cal., July 2, 2012 quoting Miller v California, 355 F.3d 1172, 1175-77 (9th Cir. 2004); see also, Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) [standing requirements].

Summary:  Based on all of the foregoing Defendants' Motions to dismiss (#37), (43) and (#47) should be allowed. This action should be dismissed for the additional reason that Autumn Morris has apparently abandoned her claims and not kept the court apprised of her current address, and Dorothy Morris does not have standing.

Plaintiffs' motions (#33), (#34), (#41) (#45),#54) and (#57) should be denied.

The Clerk should enter a judgment dismissing this action with prejudice.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment or appealable order. The parties shall have fourteen (14) days from the date of service of a copy of this recommendation within which to file specific written objections with the court. Thereafter, the parties have fourteen (14) days within which to file a response to the objections. Failure to timely file objections to any factual

11 - FINDINGS AND RECOMMENDATION

determinations of the Magistrate Judge will be considered a waiver of a party's right to <u>de novo</u> consideration of the factual issues and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

***Any appeal form an order adopting this Finding and Recommendation or Judgment of dismissal would be frivolous and not taken in good faith.***

DATED this 18 day of September, 2013.

_____
Thomas M. Coffin
United States Magistrate Judge